1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  VIGILANT CANINE SERVICES
    INTERNATIONAL, LLC,
11                                    NO. CIV. S-12-01271 LKK/JFM
            Plaintiff,
12
        v.
13
    MICHAEL MORGAN and DOES 1
14  through 50, inclusive,

15          Defendants.
    _____/
16

17      Plaintiff sues its former employee, Michael Morgan, alleging

18  fraud and breach of contract.  The case was originally filed in

19  Tehema County Superior Court, and was removed to this court on the

20  basis of diversity jurisdiction. Pending before the court is a

21  motion by plaintiff to remand the case and a motion by defendant to

22  dismiss the complaint for lack of personal jurisdiction, or in the

23  alternative to transfer venue.

24                          **I. Background**

25      Plaintiff's original complaint alleged breach of contract,

26  breach of the covenant of good faith and fair dealing, fraud, and

                                  1

1  unfair business practices. Plaintiff sought injunctive and
2  declaratory relief, damages totaling more than $75,000, and
3  attorneys fees. As noted, defendant removed it to this court on
4  the basis of diversity jurisdiction. Following removal, plaintiff
5  voluntarily dismissed his unfair business practices claim, as well
6  as his claims for injunctive and declaratory relief, treble
7  damages, and attorneys fees. Thus, the remaining claims are for
8  breach of contract, breach of the covenant of good faith and fair
9  dealing, and fraud. Plaintiff asserts that by virtue thereof the
10 claims is below seventy five thousand dollars.

11      Plaintiff alleges that it operates a business in California
12 that trains dog handlers and acquires, trains and deploys dogs used
13 for security. Defendant owns or owned a similar business, Mid-
14 Michigan Kennels, in the State of Michigan.

15      Plaintiff alleges that in May 2011, the plaintiff and
16 defendant agreed that defendant Morgan would be hired by plaintiff
17 as plaintiff's Michigan State Director, and that some of
18 defendants' business operations would be turned over to plaintiff.
19 Morgan signed a "Restriction on Competition Agreement." That
20 agreement prohibits Morgan from competing with Vigilante Canine
21 Services, and from soliciting any past or present customer or
22 employee of the company upon termination of the employment. The
23 Agreement also provides that Morgan would not, during the
24 employment relationship and for two years following "conduct a like
25 business within a geographic area where there are any Company
26 offices and/or facilities, or in any country where VCS has

operations or contacts." Compl. Ex. 1.

Sometime in August or September, doubts arose among VCS management about Morgan's job performance. Morgan resigned from VCS in October 2011. Plaintiff alleges that during his employment with VCS and after, Morgan competed with VCS in Michigan.

## II. Standards

### A. Standard for a Motion to Remand

The removing defendant always has the burden of establishing federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand. Lyons v. Alaska Teamsters Employer Serv. Corp., 188 F.3d 1170, 1171 (9th Cir. 1999). "The strong presumption against removal jurisdiction means. . . that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

### B. Standard for a Motion to Dismiss for Lack of Personal Jurisdiction

When a defendant challenges the sufficiency of personal jurisdiction, the plaintiff bears the burden of establishing that the exercise of jurisdiction is proper. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir. 1988). In meeting this burden, "[t]he plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint are taken as true." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1073 (9th Cir. 2011); however, allegations in

1  a pleading which are contradicted by an affidavit are not assumed
2  to be true. <u>Data Disc, Inc. v. Sys. Tech. Assocs.</u>, Inc., 557 F.2d
3  1280, 1284 (9th Cir. 1977). Factual disputes are resolved in the
4  plaintiff's favor. <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1154
5  (9th Cir. 2006).

6  **C. Standard for a Motion to Transfer**

7      Transfer is discretionary, but is governed by certain factors
8  specified in 28 U.S.C. § 1404(a) and relevant case law.  The burden
9  is on the party seeking transfer to show that when these factors
10 are applied, the balance of convenience between the parties clearly
11 favors transfer. <u>Futures Trading Comm'n v. Savage</u>, 611 F.2d 270,
12 279 (9th Cir. 1979); see also <u>Los Angeles Memorial Coliseum Comm'n</u>
13 <u>v. National Football League</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981),
14 aff'd, 726 F.2d 1381, 1399 (9th Cir. 1984). It is not enough for a
15 defendant merely to show that it prefers another forum nor will
16 transfer be ordered if the result is merely to shift the
17 inconvenience from one party to another. <u>Van Dusen v. Barrack</u>, 376
18 U.S. 612, 645-46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The district
19 court has broad discretion "to adjudicate motions for transfer
20 according to an 'individualized, case-by-case consideration of
21 convenience and fairness.'" <u>Jones v. GNC Franchising, Inc.</u>, 211
22 F.3d 495, 498 (9th Cir. 2000) (quoting <u>Stewart Org. v. Ricoh Corp.</u>,
23 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)); see also
24 <u>Westinghouse Elec. Corp. v. Weigel</u>, 426 F.2d 1356, 1358 (9th Cir.
25 1970).
26 ////

4

# III. Analysis

**A. Remand**

Plaintiff argues that remand is appropriate because, as a result of plaintiff's voluntary dismissal of some claims, the amount in controversy no longer exceeds $75,000.

28 U.S.C. 1441 provides that an action brought in state court "of which the district courts of the United States have original jurisdiction, may be removed by the defendants" to federal district court. Whether this court has original jurisdiction over a matter is determined from the face of the pleadings, so long as the sum claimed is made in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." Id. at 289-90. Specifically, "though. . . the plaintiff after removal. . . reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." Id. See also, Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931 (9th Cir. 2003); O'Connor-Rose v. J.P. Morgan Chase, N.A., 2012 U.S. Dist. LEXIS 35279 (E.D. Cal. 2012)(remand is inappropriate even where plaintiff abandons a request for injunctive relief, reducing the amount in controversy to below $75,000).

Because plaintiff premises its remand motion on its conduct subsequent to removal the motion to remand is DENIED.

////

**B. Personal Jurisdiction**

Defendant argues that the complaint must be dismissed because this court lacks personal jurisdiction over him.

The plaintiff bears the burden of establishing that jurisdiction exists. Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). "The district court's determination of personal jurisdiction is made by examination of the forum state's law." Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir. 1984). California's long-arm statute permits the exercise of jurisdiction so long as it is not inconsistent with the state or federal constitution. "Thus the statutory limitations upon jurisdiction are 'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'" Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1286 (9th Cir. 1977). See also Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218 (9th Cir. 2011). Generally, due process permits the exercise of personal jurisdiction where the "defendant [has] certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. at 316.

**i. General Jurisdiction**

A court has general personal jurisdiction over a party if that party's "activities within a state are "substantial" or "continuous and systematic." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). Plaintiff here does not

1  appear to argue that this court has general personal jurisdiction
2  over defendant, and the court concludes that it does not.
3  Accordingly, the court will turn to the applicable three-part test
4  to determine whether the court may exercise specific personal
5  jurisdiction over defendant for this action.

6  **ii. Specific Jurisdiction**

7      The applicable three-part test is an "evaluation of the nature
8  and quality of the defendant's contacts in relation to the cause of
9  action." <u>Data Disc, Inc. v. Systems Technology Associates, Inc.</u>,
10 557 F.2d 1280, 1287 (9th Cir. 1977). If the contacts and the cause
11 of action are sufficiently related, this court may exercise
12 specific jurisdiction over the parties if it is reasonable to do
13 so. The test is as follows: "(1) [defendant] must have performed
14 some act or consummated some transaction with the forum by which it
15 purposefully availed itself of the privilege of conducting business
16 in [California]; (2) [plaintiff's] claims must arise out of or
17 result from [defendant's] forum-related activities; and (3) the
18 exercise of jurisdiction must be reasonable." <u>Rio Props. v. Rio</u>
19 <u>Int'l Interlink</u>, 284 F.3d 1007, 1019 (9th Cir. 2002).

20 **a. Purposeful Availment**

21     Plaintiff asserts that defendant purposefully availed himself
22 of the privilege of conducting business in California by
23 negotiating and executing an employment agreement in California, by
24 agreeing to generate business contracts that would be executed in
25 California, and by agreeing to transfer existing clients to
26 plaintiff in exchange for a commission. Plaintiff argues that by

7

1   engaging in these acts, defendant "purposefully directed his
2   foreign acts that had an effect in California." Pl.'s Opp'n at 5,
3   ECF No. 13.

4        Where the causes of action arise from a contract between the
5   parties "the mere existence of a contract with a party in the forum
6   state does not alone constitute sufficient minimum contacts for
7   jurisdiction." Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir.1990)
8   (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)).
9   "Instead the Court must look to 'prior negotiations and
10  contemplated future consequences, along with the terms of the
11  contract and the parties' actual course of dealing' to determine if
12  the defendant's contacts are 'substantial' and not merely 'random,
13  fortuitous, or attenuated.'"   Id. at 1362 (internal citations
14  omitted). The "solicitation of business in the forum state that
15  results in business being transacted or contract negotiations will
16  probably be considered purposeful availment." Sinatra v. National
17  Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. Cal. 1988)(citing
18  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th
19  Cir. 1986)). "Thus where the defendant deliberately has engaged in
20  significant activities within a State or has created continuing
21  obligations between himself and residents of the forum, he
22  manifestly has availed himself of the privilege of conducting
23  business there, and because his activities are shielded by the
24  benefits and protections of the forum's laws it is presumptively
25  not unreasonable to require him to submit to the burdens of
26  litigation in that forum as well." Burger King Corp. v. Rudzewicz,

471 U.S. 462, 475-476 (1985).

Nonetheless, "if the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." Id. Factors such as "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing -- that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." Id.

With respect to prior negotiations, it is relevant whether it was the plaintiff or the defendant who made the "predominant efforts" to initiate the contract. Roth v. Garcia Marquez, 942 F.2d 617 (9th Cir. 1991). Here, based on the complaint and on the declaration of VCS CEO Buck Dikes, it appears that it was plaintiff who initiated the contract. The complaint alleges that "Plaintiff wished to grow its business in Michigan, and therefore plaintiff offered to acquire defendant's business." Compl. 2. In his declaration, Mr. Dikes states "By letter dated April 26, 2011, I, on behalf of the company, extended a detailed offer of employment to Michael Morgan." Decl. Dikes 1.

Moreover, the employment agreement itself does not contemplate any future conduct by defendant in California. The agreement provides that defendant will serve as "Michigan State Director" for the company, and that he will "be responsible for company. . . programs and sales. . . in the state of Michigan," and will be

1  "responsible for all VCSi employees in the State of Michigan." Ex.

2  A to Decl. Dikes. The court concludes that these factors weigh

3  against a finding of minimum contacts sufficient to establish this

4  court's personal jurisdiction over defendant.

5  **b. Claims arising from the forum-related activities.**

6      Although the court has concluded that the mere signing of a

7  contract with a California-based company does not give rise to the

8  court's personal jurisdiction over defendant, the court notes that

9  the claims in this case do arise from that contract.

10  **c. Reasonableness of the exercise of jurisdiction**

11      The Ninth Circuit has "set forth a congeries of factors to be

12  considered in determining whether the exercise of jurisdiction over

13  a nonresident defendant satisfies the reasonableness test: 1) the

14  extent of the defendant's purposeful interjection into the forum

15  state's affairs; 2) the burden on the defendant; 3) conflicts of

16  law between the forum and defendant's home jurisdiction; 4) the

17  forum's interest in adjudicating the dispute; 5) the most efficient

18  judicial resolution of the dispute; 6) the plaintiff's interest in

19  convenient and effective relief; and 7) the existence of an

20  alternative forum." Since none of these factors is dispositive, we

21  must balance the seven. <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 623

22  (9th Cir. 1991).

23      Here, defendant's interjection into California's affairs is

24  minimal; defendant was employed by a business based in California

25  and signed an employment agreement here. Defendant is an individual

26  who resides in Michigan and does not travel to California, while

plaintiff is a business with operations in Michigan. There are no asserted conflicts of law. The alleged breach took place in Michigan. The complaint alleges that defendant interfered with plaintiff's business relationship with the Police Department of Grand Ledge Michigan. An alternative forum, the Western District of Michigan, is available. Balancing these factors, the court finds that the exercise of personal jurisdiction over defendant would be unreasonable.

Accordingly, based on the three-prong test for specific personal jurisdiction, this court concludes that it does not have personal jurisdiction over defendant Michael Morgan. However, the court will transfer the case to the appropriate venue rather than dismiss it.

**C. Transfer of Venue**

Under Federal Rule of Civil Procedure § 1404(a), the court may transfer an action to another district: (1) for the convenience of the parties; (2) for the convenience of the witnesses, and (3) in the interest of justice provided that the action might have been brought in the transferee court. 28 U.S.C. § 1404(a).

An action may not be transferred to a district where venue would have been improper if it had originally been filed there. Once the court determines that venue would be proper in the transferee district, it must determine whether the action should be transferred to that district.

In deciding whether to transfer on grounds of convenience and in the interest of justice, the court may consider the following

eight factors, where relevant: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the cost of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000). The court should also consider the relevant public policy of the forum state. <u>Id.</u>

Several of the factors have already been discussed above as part of the court's personal jurisdiction analysis. The agreement was negotiated in California.  It is likely that the breach of contract claim, since it is premised on acts in Michigan, are likely to require application of Michigan law. The plaintiff's choice of forum was in California. Defendant's contacts relating the cause of action are quite minimal. The cost of litigating in California appears likely to be higher, since all of the alleged conduct occurred in Michigan. Similarly, access to sources of proof would be easier in Michigan, where the conduct occurred.

Balancing these factors, the court concludes that this action should be transferred to the U.S. District Court for the Western District of Michigan.

### IV. Conclusion

For the foregoing reasons, the court ORDERS as follows:

12

1        [1] Plaintiff's Motion to Remand, ECF No. 12, is DENIED.

2        [2] Defendant's Motion to Dismiss or, in the Alternative

3        to Transfer Venue, ECF No. 7, is GRANTED in part and

4        DENIED in part. The case is TRANSFERRED to the U.S.

5        District Court for the Western District of Michigan.

6  IT IS SO ORDERED.

7  DATED:  July 13, 2012.

10  LAWRENCE K. KARLTON

11  SENIOR JUDGE

12  UNITED STATES DISTRICT COURT